UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| RICHARD BELINI and<br>THERESA LUSCIER-BELINI,<br><br>          Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-30083 MAP<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF DEFENDANT WASHINGTON MUTUAL BANK, FA
TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM**

      Defendant Washington Mutual Bank, FA ("Washington Mutual") by and through its attorneys, Kirkpatrick & Lockhart Nicholson Graham LLP, hereby answers the Complaint brought by plaintiffs Richard Belini and Theresa Luscier-Belini ("Plaintiffs").

      Except as expressly admitted or denied herein below, Washington Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

**INTRODUCTION**

      1.      Paragraph 1 of the Complaint sets forth plaintiffs' characterization of this action to which no responsive pleading is required. To the extent that a further response may be required, Washington Mutual denies the allegations set forth in paragraph 1 of the Complaint and denies that plaintiffs are entitled to the relief sought in paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. Paragraph 2 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that a further response may be required, Washington Mutual denies that it is an "out of state corporation." Washington Mutual otherwise admits that the Court has subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that a further response may be required, Washington Mutual admits that venue is proper in this District.

## PARTIES

4. Washington Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Washington Mutual admits, upon information and belief, that plaintiffs and Foundation Funding Group, Inc. originated and funded the mortgage loan transaction that is the subject of this action. Washington Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Washington Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Washington Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Washington Mutual admits that it is an assignee of and currently holds plaintiffs' subject mortgage.

### FACTS

9. Washington Mutual admits, upon information and belief, that on or about December 29, 2000, plaintiffs became the obligors and mortgagors under a certain note and mortgage on property located at 546 Barbour Street, Massachusetts and that Foundation Funding was the obligee and mortgagee of that note and mortgage. Washington Mutual denies that the subject transaction occurred on December 30, 2000 and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint.

10. Washington Mutual admits that it is an assignee and the current holder of the subject mortgage.

11. Washington Mutual admits, upon information and belief, that plaintiffs received or signed certain documents, including but not limited to the documents identified in paragraph 11 of the Complaint and that such documents are attached as Exhibits to the Complaint. In further answering, Washington Mutual states that the documents speak for themselves as to their content. Washington Mutual denies that the transaction took place on December 30, 2000 and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint.

12. Washington Mutual denies the allegations set forth in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Washington Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Washington Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Washington Mutual denies the allegations set forth in paragraph 15 of the Complaint, including footnote 1.

16. Washington Mutual denies the allegations set forth in paragraph 16 of the Complaint.

17. In answering the allegations set forth in paragraph 17 of the Complaint, Washington Mutual states that the document attached as Exhibit F to the Complaint speaks for itself as to its content. Washington Mutual admits that it has not released the security interest in the plaintiffs' property. Washington Mutual denies the remaining allegations set forth in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that a further response may be required, Washington Mutual states that 15 U.S.C. 1635 and Mass. Gen. Laws ch. 140D, § 10 speak for themselves as to their content.

19. Paragraph 19 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Washington Mutual denies the allegations set forth in paragraph 19 of the Complaint.

20. Washington Mutual denies the allegations set forth in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that a further response may be required, Washington Mutual states that 15 U.S.C. 1640 and 209 C.M.R. 32.32 speak for themselves as to their content.

## COUNT I- RESCISSION AND DAMAGES

22. Washington Mutual reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 21 above.

23. Washington Mutual denies the allegations set forth in paragraph 23 of the Complaint.

24. Washington Mutual denies the allegations set forth in paragraph 24 of the Complaint.

The remainder of the Complaint is a prayer for relief to which Washington Mutual is not required to respond. To the extent that a further response may be required, Washington Mutual prays that plaintiffs' Complaint be dismissed with prejudice and that the Court enter judgment in its favor on all Counts of the Complaint, that Washington Mutual be awarded its costs and expenses including attorneys' fees, and for such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted against Washington Mutual.

## Second Defense

Plaintiffs' claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint.

## Third Defense

Plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

## Fourth Defense

Plaintiffs lack standing to assert any claims against Washington Mutual.

## Fifth Defense

Plaintiffs' claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

## Sixth Defense

Plaintiffs' claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

## Seventh Defense

Any damages were the result of acts or omissions on the part of the plaintiffs or third parties, the actions of whom or which Washington Mutual is not responsible.

## Eighth Defense

Any claims by plaintiffs under the federal Truth in Lending Act, 15 U.S.C. § 1635 *et seq.*, or the Massachusetts Consumer Credit Cost Disclosure Act, G.L. c. 140D §§ 1, *et seq.*, are

barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

### Ninth Defense

Any claims by plaintiffs under the federal Truth in Lending Act, 15 U.S.C. § 1635 *et seq.*, or the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. L. ch. 140D, § 1, *et seq.*, are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures to avoid such error.

### Tenth Defense

Washington Mutual is not liable for any claims by plaintiffs because Washington Mutual conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

### Eleventh Defense

Washington Mutual hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Washington Mutual Bank, FA respectfully requests that the Court:

i.     Enter judgment in its favor on all counts of the Complaint;

ii.    Dismiss the Complaint with prejudice;

iii.   Award Washington Mutual its costs and expenses, including attorneys' fees, incurred in this action; and

iv.   Grant such other relief as the Court deems as just and proper.

## **COUNTERCLAIM**

Washington Mutual Bank, FA ("Washington Mutual") hereby brings this Counterclaim against plaintiffs/defendants-in-counterclaim, Richard Belini and Theresa Luscier-Belini (the "Belinis" or "plaintiffs"), and states:

1. Washington Mutual is a federal savings association chartered under the laws of the United States of America and operating under the supervision of the Office of Thrift Supervision.

2. Upon information and belief, the Belinis reside in North Adams, Massachusetts.

3. Upon information and belief, on or about December 29, 2000, the Belinis obtained a residential mortgage loan from Foundation Funding Group, Inc. in connection with property located at 546 Barbour Street, North Adams, Massachusetts.

4. On or about August 27, 2001, Washington Mutual acquired the Belinis' mortgage loan from Foundation Funding Group, Inc.

5. On or about May 9, 2003, the Belinis, by and through Counsel, sent Foundation Funding Group, Inc. and Washington Mutual a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.  See letter from Belinis' counsel dated May 9, 2003 attached to Complaint as Exhibit E.

6. On or about May 4, 2004, the Belinis filed instant suit against Washington Mutual alleging that the Notice of Right to cancel provided to the Belinis by Foundation Founding Group, Inc. inaccurately referenced the date of the transaction.  The Belinis separately alleged that they were not provided with special advanced disclosures as required by the Home Ownership Equity Protection Act ("HOEPA").

7. Upon information and belief, the Belinis were timely provided with all required disclosures with respect to the subject loan, and the Belinis are not entitled to rescind their loan under 15 U.S.C. § 1635, Regulation Z, § 226.23 or Mass. Gen. L. ch. 140D.

### COUNT I - DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201

8. Washington Mutual repeats and realleges the allegations set forth in paragraphs 1 through 7 above.

9. By virtue of the Belinis' letter of May 9, 2003, an actual controversy has arisen and exists between Washington Mutual and the Belinis regarding whether they have a right to rescind the subject loan under 15 U.S.C. § 1635, Regulation Z, § 226.23 and/or Mass. Gen. L. ch. 140D.

10. The Belinis allege that Washington Mutual, as assignee, violated 15 U.S.C. § 1635, Regulation Z, § 226.23 and Mass. Gen. L. ch. 140D for Foundation Funding's alleged failure to accurately reference the date of the transaction and provide special advanced disclosures as required by the HOEPA, which allegations Washington Mutual denies.

11. The Belinis were timely provided with all required disclosures with respect to the subject loan, and the Belinis have no basis for rescission of the loan.

12. Washington Mutual hereby seeks a declaration of the rights, duties, and liabilities of the parties with respect to the Belinis' letter of rescission of their loan, including, without limitation, a declaration that the Belinis are not entitled to rescind the subject loan.

### RELIEF REQUESTED

WHEREFORE, defendant/counterclaimant Washington Mutual respectfully requests that the Court:

A. Enter a declaration that the Belinis are not entitled to rescind their mortgage loan with Washington Mutual and that, alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

        Respectfully submitted,

        WASHINGTON MUTUAL BANK, FA

        By its attorneys,

        /s/ R. Bruce Allensworth
        R. Bruce Allensworth (BBO #015820)
        (ballensworth@klng.com)
        Brian M. Forbes (BBO #644787)
        (bforbes@klng.com)
        KIRKPATRICK & LOCKHART
        NICHOLSON GRAHAM LLP
        75 State Street
        Boston, MA 02109
        (617) 261-3100

Dated: August 19, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that on August 19, 2005, I served a true copy of the foregoing document by electronic filing upon the following:

Christopher M. Lefebvre
CLAUDE LEFEBVRE,
CHRISTOPHER LEFEBVRE P.C.
P.O. Box 479
Pawtucket, RI 02862

Kevin C. Maynard
BUCKLEY, RICHARDSON and
GELINAS, LLP
1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA 01115

                                                /s/ R. Bruce Allensworth
                                                R. Bruce Allensworth