IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD BELINI and <br> THERESA LUSCIER-BELINI, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON MUTUAL BANK, FA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CA: 04-30083 MAP <br><br> JURY DEMANDED |

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1.  This action seeks redress against Washington Mutual Bank, FA ("Washington Mutual") for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and the Home Ownership Equity Protection Act amendment to TILA, 15 U.S.C § 1639 (hereinafter "HOEPA") to enforce the Plaintiffs' right to rescind a consumer credit transaction, to declare void the Defendant's security interest in the Plaintiffs' home, to seek statutory and actual damages and attorney's fees by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. 226 (hereinafter called "Regulation Z"), and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction), 1332 ( diversity jurisdiction) and 1337 ( interstate commerce) and 1367 ( supplemental jurisdiction). Diversity jurisdiction is applicable as the Plaintiffs are residents of Massachusetts and seek rescission of a $102,750.00 mortgage

1

obligation held by an out of state corporation that does not have it's principle place of business in Massachusetts.

3. Venue in this District is proper because Defendant does business in this District.

## PARTIES

4. Plaintiffs Richard and Theresa Belini reside in a home which they own at 546 Barbour Street, North Adams, Massachusetts.

5. Foundation Funding Group, Inc. ("Foundation Funding") was the provider of the Plaintiffs' mortgage but is now defunct.

6. At the time of the Plaintiffs' mortgage, Foundation Funding entered into more than 5 transactions per year in which credit was extended that was secured by the principal residence of a consumer and was used for purposes other than the initial acquisition or construction of the residence.

7. Therefore, at the time of the transaction Foundation Funding was a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z and Mass. G.L., ch. 140D.

8. Defendant Washington Mutual Bank, FA is the assignee and present holder of the Plaintiffs' mortgage from Foundation Funding.

## FACTS

9. On or about December 30, 2000, Plaintiffs obtained a $102,750.00 mortgage loan from the now defunct entity, Foundation Funding Group, Inc. secured by their principle residence. All of the proceeds of the loan were used for personal, family or household purposes.

2

10. Upon information and belief, Defendant Washington Mutual is the assignee and owner of the mortgage obtained by Plaintiffs from Foundation Funding.

11. In connection with the loan of December 30, 2000, Plaintiffs received or signed the following documents:

    a. A Mortgage attached as Exhibit A;

    b. A Note attached as Exhibit B, and;

    c. A HUD-1 Settlement Statement, attached as Exhibit C;

    d. A Notice of Right to Cancel, attached as Exhibit D;

12. The Notice of Right to Cancel inaccurately referenced the date of the transaction as December 29, 2000. Accordingly, the right to cancel was materially confusing and defective. Accordingly, Plaintiffs were not given accurate material disclosures and have an extended right to rescind their loan.

13. The Plaintiffs mortgage loan transaction was an extension of credit by a creditor subject to HOEPA and the implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226.32 and it's Massachusetts counterpart, 209 C.M.R. 32.32.

14. The Plaintiffs were accordingly entitled to the following disclosure (together with additional disclosures concerning the terms of the mortgage) at least three (3) days prior to the closing:

You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application. If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet the obligations under this loan.

15. Although the December 30, 2000 mortgage transaction was a high cost

3

mortgage as defined by 1602(aa) of TILA, the Plaintiffs were not provided with the special advanced disclosures as required by HOEPA and or the Massachusetts counterpart 209 C.M.R. 32.32.

16. Because the notice of right to cancel was defective and the advanced required disclosures were not provided, Plaintiffs have a continuing right to rescind the loan, which they exercised on or about May 9, 2003. Exhibit E.

17. On May 12, 2003 the Defendant acknowledged receipt of the rescission demand but has refused to release the security interest on the Plaintiffs' property. Exhibit F.

18. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission. Mass .G.L. ch. 140D § 10(g) is identical except for citation.

19. The failure of the Defendant to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) and Mass .G.L. ch. 140D § 32 entitling the Plaintiffs to an award of statutory damages.

20. Pursuant to 15 U.S.C. §1641(c) and the Massachusetts counterpart, Mass. G.L., ch.140D 33(c), Plaintiffs are entitled to rescind their mortgage transaction against the assignee.

21. In addition, under 15 U.S.C. § 1640(d), any assignee of a HOEPA loan is subject to all claims and defenses that the borrower has. 209 C.M.R. 32.32(5)(c) likewise subjects any assignee to claims and defenses that exist with respect to the original creditor.

22. The Defendant has recently provided a copy of the HOEPA disclosure which they claim was provided to the Plaintiffs. A copy of said notice is attached as Exhibit G.

## COUNT I-RESCISSION AND DAMAGES

23. Plaintiffs incorporate paragraphs 1 through 22 above.

24. The loan made to Plaintiffs violated TILA, HOEPA, Mass .G.L. ch. 140D

4

and 209 C.M.R. 32.32

25. In the alternative, the Plaintiffs allege that the HOEPA notice alleged to be given to them, as referenced in Exhibit G, is defective as a matter of law.

26. Plaintiffs are entitled to enforce their rescission demand, statutory damages and other relief authorized under TILA, HOEPA and the Massachusetts counterparts.

**WHEREFORE**, it is respectfully prayed that this Court:

1. Enforce the Plaintiffs notice of rescission and accordingly declare the mortgage transaction between Plaintiffs and Defendant rescinded;

2. Order Defendant to take all action necessary to terminate any security interest in Plaintiffs' property created under the transaction and that the Court declare all such security interests void;

3. Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of that property;

5. Award the Plaintiffs both statutory and enhanced damages;

6. Award the Plaintiffs costs and a reasonable attorney's fee.

7. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
    LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

## JURY DEMAND

Plaintiffs demand trial by jury.

/s/Christopher M. Lefebvre