IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| RICHARD BELINI and THERESA LUSCIER-BELINI,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>WASHINGTON MUTUAL BANK, FA,  )<br>)<br>)<br>)<br>Defendant.  ) | DOCKETED<br><br>CA: 04-30083 MAP<br><br>**JURY DEMANDED** |

**MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT AND DEEM IT FILE INSTANTER**

Plaintiffs respectfully request that this Court grant the Plaintiffs leave to amend their complaint by alleging a violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and the Home Ownership Equity Protection Act amendment to TILA, 15 U.S.C. §1639 (hereinafter "HOEPA"). In support of their motion, the Plaintiffs state as follows:

1. On May 4, 2004, the Plaintiffs filed a complaint, alleging that Defendant failed to comply with the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and the Home Ownership Equity Protection Act amendment to TILA, 15 U.S.C. §1639 ("HOEPA").

2. Plaintiffs seek to amend their complaint to simply clarify their allegations that their mortgage lender violated the TILA in relation to the issuance of an alleged materially defective and confusing Notice of Right to Cancel. Plaintiffs further add a new claim that a certain document recently produced in discovery by the Defendant both contradicts and overshadows the Notice of Right to Cancel. A copy of the Second Amended Complaint, including these changes, is attached as <u>Appendix A</u>.

3.  Fed.R.Civ.P. 15(a) provides that an amendment to the complaint can be made after the filing of responsive pleadings upon application for leave from the Court, and that leave to amend "shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

4.  The amendment will not cause any prejudice to the Defendant as the discovery deadline has yet to pass. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial).

**WHEREFORE**, the Plaintiffs respectfully request that this Court grant the Plaintiffs leave to amend their complaint and deemed it filed *instanter*.

> s/Christopher M. Lefebvre
> Christopher M. Lefebvre
> CLAUDE LEFEBVRE, P.C.
> P.O. Box 479
> Pawtucket, RI 02862
> (401) 728-6060
> (401) 728-6534 (FAX)
> B.B.O. # 629056

### RULE 7.1 (a)(2) CERTIFICATION

I hereby certify that I have conferred with counsel regarding the issues raised in this Motion and certify that we were unable to reach consensus regarding this motion.

> s/Christopher M. Lefebvre

## CERTIFICATION

I hereby certify that on January 31, 2006 I served a true copy of the foregoing document by electronic filing upon the following:

R. Bruce Allenworth
ballensworth@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109

/s/Sarita Sasa